IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CRAIG A. WADE**                                                                                    **PETITIONER**

v.                                       No. 4:24-cv-00829-DPM-JTK

**DEXTER PAYNE,**
**Director, ADC**                                                                                    **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation.  If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing the evidence in the record.  By not objecting, you may waive the right to appeal questions of fact.

I.   **Background**

Before the Court is Respondent Dexter Payne's ("Payne") motion to dismiss Petitioner Craig A. Wade's ("Wade") pro se petition for writ of habeas corpus for failure to state a claim. (Doc. Nos. 1, 2, 6) Wade is an inmate in the Arkansas Division of Correction (ADC).  As discussed below, the undersigned recommends that Payne's motion be granted, that Wade's petition be dismissed with prejudice, and that a certificate of appealability not be issued.

On September 27, 2024, Wade filed his federal *pro se habeas* petition.  (Doc. No. 1)  Wade seeks habeas relief from his convictions and sentences entered by the Clark County Circuit Court

in 10CR-15-21. Wade entered a negotiated plea of *nolo contendere* to capital murder and aggravated robbery, and he was sentenced to concurrent terms of life imprisonment without parole and life imprisonment, respectively. The sentencing order was entered on April 13, 2016. (Doc. No. 7-3) After the sentencing order was entered, Wade filed a litany of state court motions. None were successful. On January 25, 2017, Wade filed a *pro se* paper styled motion to enforce plea agreement, seeking correction of his sentencing order to reflect that he was concurrently sentenced to terms of life imprisonment. (Doc. No. 7-4) The circuit court did not rule on the motion.[1] On June 2, 2017, Wade filed a *pro se* petition seeking post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. (Doc. No. 7-6) The circuit court denied the petition as untimely. (Doc. No. 7-7) Subsequently, the Arkansas Supreme Court dismissed the appeal. (Doc. No. 7-10); *Wade v. State,* CR-17-737 (Jan. 25, 2018). Wade then filed a second *pro se* Rule 37 petition, which the circuit court also denied as untimely. (Doc. 7-11) On February 20, 2018, Wade filed a *pro se* petition to correct an illegal sentence (Doc. 7-2 at 18) which the circuit court denied. Doc. No. 7-13  On April 2, 2018, Wade filed a *pro se* state *habeas* petition in the Lee County Circuit Court (Doc. No. 7-14) and the circuit court denied the petition. (Doc. No. 7-15) On August 24, 2018, Wade returned to the Clark County Circuit Court and filed a motion for writ of *error coram nobis* (Doc. No. 7-16) which the circuit court denied. (Doc. No. 7-17) The Arkansas Supreme Court dismissed the appeal and found Wade's motion to file a belated brief was moot. *Wade v. State,* 2019 Ark. 196, 575 S.W.3d 552 (2019). Wade filed a second *coram nobis* petition on March 20, 2019. (Doc. No. 7-2 at 20) The motion remains pending.

---

[1] Under Arkansas criminal procedural rules, if the trial court does not grant or deny a post-trial motion within thirty days after the motion is filed, the motion is deemed denied on the thirtieth day. Ark. R. Crim. P. 33.3(c).

## II. Discussion

Petitioner Wade raises three claims in his petition; (1) ineffective assistance of counsel, (2) he contends that he agreed only to a sentence of life imprisonment, not life imprisonment without parole, (3) he did not enter into his plea agreement voluntarily, intelligently, and knowingly because his trial lawyer told him that the plea agreement was for life imprisonment and that he could seek clemency in twelve years. (Doc. No. 1)

Payne moves to dismiss the habeas petition, arguing the petition was filed outside the one-year habeas statute of limitations period and therefore should be dismissed. (Doc. Nos. 6 & 7) The limitations period began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Wade filed his post-trial motion, styled as a motion to enforce plea agreement, on January 25, 2017, more than thirty days after the sentencing order was entered on April 13, 2016, so the motion was untimely. *See* Ark. R. Crim. P. 33.3 ("All post-trial motions or applications for relief must be filed within thirty days after the date of entry of judgment."). Because Wade did not timely file a post-trial motion or seek direct review of the judgment entered on April 13, 2016, the judgment became final on May 13, 2016, thirty days after the judgment was entered. Ark. R. App. P.–Crim. 2(a). The one-year limitations period therefore began running on May 14, 2016. 28 U.S.C. § 2244(d)(1)(A). *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period). The limitations period expired on May 14, 2017, absent any statutory tolling periods. Because May 14, 2017, fell on a Sunday, Wade's last day to file a habeas petition would have been May 15, 2017. Fed. R. Civ. P. 6(a)(3).

3

The limitations period is tolled when "a properly filed application for State post-conviction or other collateral review" of the judgment is pending. 28 U.S.C. § 2244(d)(2). Even if Wade's post-trial motion could be considered an application for collateral review, the untimely motion did not "meet[] all the state's procedural requirements" and therefore was not properly filed. *Beery v. Ault,* 312 F.3d 948, 950 (8th Cir. 2002). So, the motion did not toll the limitations period. Because Wade filed his post-conviction motions after the habeas limitations period had expired on May 15, 2017, these motions cannot toll the limitations period either. *Jackson v. Ault,* 452 F.3d 734, 735–36 (8th Cir. 2006). When Wade filed his federal habeas petition on September 27, 2024, the limitations period had already expired on May 15, 2017. The petition therefore was not timely filed.

Wade contends the limitations period does not bar his petition because he had no knowledge of the appellate process, the law, or his available remedies. Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008) (quotations omitted). Wade has not pointed to any extraordinary circumstance that prevented timely filing of the petition. *Holland v. Florida,* 560 U.S. 631, 645, 649 (2010) (quotations omitted). As Wade has not pointed to any such extraordinary circumstance, and has failed to timely file this petition, the relief he seeks should, therefore, be denied, and Payne's motion should be granted.

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing § 2254 Cases, a federal court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, courts must determine whether

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Because Wade has not made the requisite showing, the undersigned does not recommend issuing a certificate of appealability.

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that Payne's motion to dismiss be **GRANTED**, Wade's petition be **DISMISSED** with prejudice, and a certificate of appealability be **DENIED**.

DATED THIS 3rd day of September, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE